IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**PRISCILLA A. LEVINE**, on behalf of herself
and others similarly situated,

    Plaintiff,     Case No.

v.

**JAWLAW, INC., d/b/a AMADA SENIOR CARE,** a Domestic Profit Corporation,

    Defendant.
_____/

## COLLECTIVE/CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **PRISCILLA A. LEVINE**, by and through her undersigned counsel, bring this action against Defendant, **JAWLAW, INC., d/b/a AMADA SENIOR CARE,** a Domestic Profit Corporation, (hereinafter referred to as "Defendant"), and states as follows:

### INTRODUCTION

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a).

2. To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the

FLSA requires overtime pay for a covered employer whose employees work in excess of forty (40) hours per workweek. 29 U.S.C. § 207(a). Third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

3. Plaintiff was a non-exempt employee for Defendant, and was paid a weekly salary to cover her first forty (40) hours worked.

4. Throughout her employment, Defendant deprived Plaintiff of proper overtime compensation for her hours worked in excess for forty (40) hours each week.

## SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et seq*.

6. Venue is proper in the Northern District of Georgia because Defendant's principal place of business is in this District.

7. Further, a substantial part of the events or omissions giving rise to this claim occurred in the Northern District of Georgia.

## THE PARTIES

8. Plaintiff Priscilla A. Levine, a natural person, is, and at all times

relevant hereto was a citizen of the State of Georgia, residing in Fulton County.

9. Defendant, Jawlaw, Inc., d/b/a Amada Senior Care, is a Georgia Domestic Profit Corporation with its principal place of business located in Stockbridge, Georgia.

## FLSA COVERAGE

10. At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

11. At all times material to this action, Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant was, and continues to be, an "enterprise engaged in elderly care" within the meaning of the FLSA by virtue of caregiving and providing assistance with the following: bathing, errands/shopping, non-medical assistance, light housekeeping, meal preparation, dressing, medication reminders, dressing, toileting, walking, and ambulating exercise assistance.

13. At all times material to this action, Defendant had two (2) or more employees providing assistance with the following: bathing, errands/shopping, non-medical assistance, light housekeeping, meal preparation, dressing, medication reminders, dressing, toileting, walking, and ambulating exercise

assistance, which were used directly in furtherance of Defendant's commercial activity of running a senior care facility.

14. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum at all times relevant hereto.

15. At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

16. At all times material hereto, Plaintiff was "engaged in caregiving" and was subject to individual coverage of the FLSA, by virtue of her regular and recurrent care of patients.

17. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

18. At all times material hereto, Defendant was an enterprise covered by the FLSA.

## FACTUAL ALLEGATIONS

19. In approximately June 2018, Defendant hired Ms. Levine to work as a non-exempt Care Giver.

20. At all times material hereto, Ms. Levine worked for Defendant taking care of patients, assisting with clients, taking clients to various appointments, prepared meals, housekeeping, and personal care to Defendant's customers

throughout the Henry County area.

21. From at least June, 2018 and continuing through August, 2018, Defendant failed to compensate Ms. Levine at a rate of one and one-half times her regular rate of pay for all hours worked in excess of forty (40) hours in a single work week.

22. Ms. Levine should be compensated at the rate of one and one-half times her regular rate for those hours that she worked in excess of forty (40) hours per week, as required by the FLSA.

23. Defendant has violated Title 29 U.S.C. § 207 from August 2017 and continuing through August 2018, in that:

    a. Ms. Levine worked in excess of forty (40) hours during most weeks for the period of her employment with Defendant;

    b. No payments, and/or provisions for payment, have been made by Defendant to properly compensate Ms. Levine at the statutory rate of one and one-half times her regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendant failed to maintain proper time records as mandated by the FLSA.

## COLLECTIVE FACTUAL ALLEGATIONS

24. Class members are treated equally by Defendant.

25. Defendants subjected class members to the same illegal practice policy by not paying Plaintiff and those similarly situated correct overtime wages.

26. Defendants paid class members in the same manner.

27. Plaintiff and all class members worked in the State of Georgia.

28. Plaintiff and all class members in the State of Georgia were not correctly paid overtime wages for all hours worked in excess of forty (40) hours.

29. Defendants failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

30. During the relevant period, Defendants violated the FLSA by improperly paying Plaintiffs overtime wages for all hours worked excess of forty (40) hours per work week.

31. Defendants acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I
## VIOLATION OF 29 U.S.C. 207 OVERTIME COMPENSATION

32. Plaintiff re-alleges and incorporates paragraphs 1 through 23 as if fully set forth herein.

33. Plaintiff worked in excess of forty (40) hours per work week in most if not all work weeks.

34. Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours she worked in excess of forty (40) hours each work week.

35. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours that she worked in excess of forty (40) hours.

36. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

37. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for her hours worked in excess of forty (40) hours per work week when it knew, or should have known, such was, and is due.

38. Defendant failed to properly disclose or apprise Plaintiff's rights under the FLSA.

39. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per work week, plus liquidated damages.

40. Plaintiff is entitled to an award of reasonable attorney's fees and costs

pursuant to 29 U.S.C. §216(b).

41. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendant:

    a. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week while employed by Defendant;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiff pre-judgment and/or post-judgment interest;

    d. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions of the FLSA; Defendant failed to keep accurate time records; Defendant has a legal duty to pay Plaintiff overtime wages pursuant to the FLSA; Defendant failed to prove a good faith defense; and Plaintiff is entitled to overtime wages, liquidated damages, and reasonable attorneys' fees pursuant to the FLSA;

    e. An award of costs and expenses of this action together with

reasonable attorneys' and expert fees; and

f.  Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable as a matter of right by jury.

DATED: December 20, 2019.                    Respectfully submitted,

*/s/ Andrew R. Frisch*
Andrew R. Frisch
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, Florida 33324
T: 954-WORKERS; F: 954-327-3013
E-mail: afrisch@forthepeople.com